David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
*walter@uelglaw.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DIAZ, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware Corporation; UNITED PARCEL SERVICE, INC., an Ohio Corporation<br><br>Defendants. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br>1) **VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. §§207; 211(C), 215(A), 216(B), 255(A)); 29 C.F.R. §516 *ET SEQ.***<br>2) **FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES;**<br>3) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>4) **FAILURE TO REIMBURSE NECESSARILY INCURRED BUSINESS EXPENSES;**<br>5) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

CLASS AND COLLECTIVE ACTION COMPLAINT

1       Plaintiff OSCAR DIAZ ("Plaintiff"), by and through his attorneys of record, brings

2   this Class and Collective Action Complaint against Defendants UNITED PARCEL

3   SERVICE, INC., a Delaware Corporation; UNITED PARCEL SERVICE, INC., an Ohio

4   Corporation (collectively "UPS" or "Defendants"). Plaintiff hereby alleges, on

5   information and belief, except for information based on personal knowledge, which

6   allegations are likely to have evidentiary support after further investigation and

7   discovery, as follows:

8   **NATURE OF THE ACTION**

9       1.    This is a class action for wage and labor violations arising out of

10  Defendants' failure to pay wages for all time worked, including overtime, failure to

11  reimburse business expenses and derivative wage statement claims.

12      2.    As more fully set forth below, Defendants misclassified as exempt its

13  current and/or former salaried Part–Time Operations Supervisors/Part–Time Local Sort

14  Supervisors, and as a result failed to pay them wages for all hours worked, including

15  overtime, in violation of California Labor Code §§ 510, 1198, the applicable Industrial

16  Wage Order, and Fair Labor Standards Act, 29 U.S.C., §201, et seq.,  ("FLSA"); failed to

17  furnish timely and accurate wage statements; and, are in violation of California's Unfair

18  Competition Law ("UCL").

19      3.    Plaintiff seeks to represent and prosecute claims against Defendants in class

20  and collective action proceedings on behalf of all those similarly situated who are or were

21  residents of the State of California.

22  **JURISDICTION AND VENUE**

23      4.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims

24  pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be

25  maintained against any employer … in any Federal or State court of competent

26  jurisdiction."

27      5.    This Court has diversity jurisdiction over this action, under 28 U.S.C.

28

CLASS AND COLLECTIVE ACTION COMPLAINT

section 1332. Plaintiff is domiciled in California. Defendants are headquartered and have their principal place of business in Georgia, and are incorporated in Delaware and Ohio, respectively.

6.      In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. (28 U.S.C. § 1332(d).)

7.      This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are at least 1,500 class members in California, (2) there is diversity between at least one putative class member and the named Defendants; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper because upon information and belief, Plaintiff is employed by Defendants within this District, and Defendants conduct substantial business—including employing class members—within the Eastern District of California, this county, and maintains a facilities and distribution centers in California in this county.

**PARTIES**

9.      Plaintiff OSCAR DIAZ is currently a resident of Bakersfield, California. Plaintiff has been employed by Defendants in Bakersfield, California, from July 28, 1995, to the present, and specifically as a Part–Time Operations Supervisor/Part-Time Local Sort Supervisor starting approximately in 2000.

10.      Plaintiff is informed and believes, and on that basis, alleges UNITED

CLASS AND COLLECTIVE ACTION COMPLAINT

PARCEL SERVICE, INC. is an Ohio Corporation with a principal place of business at 55 Glenlake Pkwy NE, Atlanta, GA 30328; that it is a wholly owned subsidiary of UNITED PARCEL SERVICE, INC., a Delaware Corporation with a principal place of business at 55 Glenlake Pkwy NE, Atlanta, GA 30328.

11. Plaintiff is informed and believes, and on that basis, alleges Defendant UNITED PARCEL SERVICE, INC. is, and at all relevant times was, an Ohio corporation authorized to do business in the State of California.

12. At all relevant times, Defendants were doing business in numerous counties throughout California, including Kern County. Defendants operate numerous offices and facilities throughout California including within Kern County. Defendants claim to be the largest package delivery company in the world. *See* https://about.ups.com/us/en/our-company.html.

13. Plaintiff is informed and believes, and on that basis, alleges Defendants are and were an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

14. Plaintiff is informed and believes and thereon alleges Defendants, were at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co–defendants.

## FACTS

15. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

16. Defendants provide packaging and shipping services.

17. Defendants had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding

3

CLASS AND COLLECTIVE ACTION COMPLAINT

1    Plaintiff's pay, or lack thereof.

2        18.    At all relevant times herein, Defendants were an "employer" of Plaintiff

3    within the meaning of the FLSA.

4        19.    Plaintiff has been employed by Defendants from July 28, 1995, to the

5    present. In about 2000, Plaintiff was promoted to the position of Part–Time Operations

6    Supervisor/Part-Time Local Sort Supervisor.

7        20.    Defendants classified Plaintiff as a salaried employee, exempt from the

8    overtime requirements of the FLSA and California Labor Code.

9        21.    Defendants also employ other Part–Time Operations Supervisors/Part-Time

10   Local Sort Supervisors.

11       22.    Defendants also classified other Part–Time Operations Supervisors/Part-

12   Time Local Sort Supervisors as salaried employees exempt from the overtime

13   requirements of the FLSA and in violation of California Labor Code §§ 510, 1198, and

14   the applicable Industrial Wage Order.

15       23.    In his role as a Part–Time Operations Supervisor/Part-Time Local Sort

16   Supervisor, Plaintiff's duties include unloading and sorting packages, and facilitating the

17   unloading and sorting of packages from trucks.

18       24.    Other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors

19   had or have similar duties to Plaintiff.

20       25.    Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort

21   Supervisors did not hire or fire any other employees.

22       26.    Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort

23   Supervisors were not asked to provide input as to which employees should be hired or

24   fired.

25       27.    Plaintiff and other Part–Time Operations Supervisor/Part-Time Local Sort

26   Supervisor did not exercise discretion or independent judgment as to matters of

27   significance.

28

CLASS AND COLLECTIVE ACTION COMPLAINT

28.    Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors' primary duties were repetitive, rote, or mechanical tasks, which were subject to close review of the management.

29.    Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors sought input from their supervisors in lieu of making significant decisions on their own.

30.    In carrying out their duties, Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors followed the processes set by Defendants and others and did not create or implement the administrative polices of Defendants.  Nor were they the head of any department or division of Defendants.

31.    Plaintiff has regularly worked over eight hours in a day and/or over 40 hours in a workweek during many weeks of the year.

32.    On the occasions when Plaintiff works over eight hours in a shift, his supervisors will shift the hours to another day when Plaintiff worked less hours. Defendants failed to pay Plaintiff for all hours worked, including 1.5–times his hourly rate for his work performed over 8 hours in a day, and/or 40 hours in a week.

33.    Additionally, despite the fact that Plaintiff consistently works 40 hours per week, when he uses his vacation pay, he is compensated at 27.5 hours per week only.

34.    Upon information and belief, other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors had similar schedules and worked a similar number of hours to Plaintiff.

35.    Plaintiff and other Part–Time Operations Supervisors/Part-Time Local Sort Supervisors performed their work on Defendants' premises.

36.    Plaintiff and other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors were not paid overtime wages for hours worked over eight hours in a day and/or over 40 works per workweek.

37.    Defendants knew or should have known that Plaintiff and other Part–Time

CLASS AND COLLECTIVE ACTION COMPLAINT

Operations Supervisors/Part–Time Local Sort Supervisors were working hours in excess of eight hours a day and/or 40 hours per workweek.

38.    Nevertheless, in reckless disregard of the FLSA and California state law, Defendants adopted and then adhered to its policy and plan of treating Plaintiff and other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors as exempt from overtime requirements. As a result, Plaintiff and all other similarly situated employees were denied overtime compensation due to them under the FLSA and California state law.

39.    Plaintiff was paid around $35,000 annually.

40.    Upon information and belief, other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors were paid a similar amount.

41.    At all relevant times herein, Defendants have deprived Plaintiff and other salaried Part–Time Operations Supervisors/Part–Time Local Sort Supervisors of overtime compensation for all of the hours worked over eight hours in a day and/or forty hours per week.

42.    Further, during the relevant time period, Plaintiff and other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors were required to use their personal cellphones for work purposes. Defendants frequently call and/or message Plaintiff outside of the hours of his shift when he is at home . This happens approximately two to three times per week. Plaintiff and other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors have not been reimbursed for all cellphone expenses.

43.    Defendants' conduct, as alleged here, caused Plaintiff and other Part–Time Operations Supervisors/Part–Time Local Sort Supervisors damages including, but not limited to, loss of wages and compensation. Defendants are liable to Plaintiff and the class for improperly classifying Plaintiff and class members as exempt; failing to pay all regular and/or overtime wages owed for each pay period; failing to reimburse for

business-related expenses, including personal cellphone usage in performance of their job duties; and failing to provide timely and accurate wage statements which are violations of California's unfair competition law.

44.    Plaintiff is member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendants' unlawful employment practices as alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiff brings the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) on behalf of all current and former employees of Defendants, who held the position of "Part–Time Operations Supervisors/Part–Time Local Sort Supervisors," including any of Defendants' job positions with substantially similar titles and duties, employed within the past three (3) years by the Defendants in California, and who worked over forty (40) hours per workweek and were not paid at the rate of one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, (the "FLSA Collective Action Members").

46.    Plaintiff and FLSA Collective Action Members performed the same or substantially similar duties for Defendants; were subject to Defendants' common policy and practice of failing to pay wages, failing to pay overtime wages for all hours worked over forty in one workweek; have otherwise been subject to common compensation plans, policies, and practices; and are otherwise "similarly situated" employees within the meaning of the FLSA.

47.    The First Cause of Action for violations of the FLSA may be brought and obtained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), because Plaintiff's claims and all FLSA Collective Action Members are similarly situated.

48.    The names and addresses of the FLSA Collective Action Members are

CLASS AND COLLECTIVE ACTION COMPLAINT

available from Defendants.  Accordingly, Plaintiff prays for an order requiring Defendants to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action, and their right to opt-in to this action.  Plaintiff further prays that the applicable statute of limitations be tolled based on, among other reasons, Defendants' violations regarding its Part–Time Operations Supervisors/Part–Time Local Sort Supervisors' entitlement to regular and overtime pay.

## <u>CLASS DEFINITIONS AND CLASS ALLEGATIONS</u>

49.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, and as a member of the Class he seeks to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

> *All current and former Part–Time Operations Supervisors/Part–Time Local Sort Supervisors, including employees with similar job titles and/or duties, who worked for Defendants within the State of California during the Class Period ("the Class") and who are or were classified as exempt from overtime pay by Defendants at any point during the Class Period. ("the Class").*

50.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in Subclasses of the Plaintiff's Class, defined as:

### a.  Overtime Subclass

All current and former Part–Time Operations Supervisors/Part–Time Local Sort Supervisors including employees with similar job titles and/or duties, who worked for Defendants within the State of California during the Class Period, and who are or were classified as exempt from overtime pay by Defendants at any point during the Class Period, and who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek.

### b.  Unreimbursed Business Expenses Subclass

All current and former salaried Part–Time Operations Supervisors/Part–Time

Local Sort Supervisors, including employees with similar job titles and/or duties, who worked for Defendants within the State of California during the Class Period, and who are or were classified as exempt from overtime pay by Defendants at any point during the Class Period, and who incurred business expenses necessary to perform their job duties for which they were not reimbursed.

### c. Itemized Wage Statement Subclass

All current and former salaried Part–Time Operations Supervisors/Part–Time Local Sort Supervisors, including employees with similar job titles and/or duties, who worked for Defendants within the State of California during the Class Period, and who are or were classified as exempt from overtime pay by Defendants at any point during the Class Period, and who received at least one wage statement from Defendants within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

### d. UCL Subclass

All current and former salaried Part–Time Operations Supervisors/Part–Time Local Sort Supervisors, including employees with similar job titles and/or duties, who worked for Defendants within the State of California during the Class Period, and who are or were classified as exempt from overtime pay by Defendants at any point during the Class Period, regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200 *et. seq.* as specifically described herein.

51.    Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

52.    **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

estimates, on information and belief, that there is at least 500, if not more, of salaried Part–Time Operations Supervisor/Part–Time Local Sort Supervisor employees of Defendants employed, or formerly employed, throughout California during the Class Period. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendants in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

53.    **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendants' conduct, as alleged. Common legal and factual questions include, but are not limited to:

a.  Whether Plaintiff Class were properly classified as exempt;

b.  Whether Defendants performed an analysis on a group–wide basis for Plaintiff Class to determine if Plaintiff Class duties qualified the group for non–exempt status;

c.  Whether Defendants based job classification on job descriptions alone;

d.  Whether Defendants violated Labor Code §510, 1194, 1194.2, 1197, 1198 and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members regular and overtime wages;

e.  Whether Defendants violated Labor Code §2802, by failing to reimburse Plaintiff and class members incurred necessary business expenses;

f.  Whether Defendants failed to maintain accurate and itemized wage statements;

g.  Whether Defendants conducted and engaged in unfair business practices and violated California Business and Professions Code § 17200; and

CLASS AND COLLECTIVE ACTION COMPLAINT

h.  The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

54.  **Typicality:** The claims of Plaintiff herein are typical of the claims for the members of the Plaintiff Classes as a whole, all of whom have incurred and/or will incur damages, including irreparable harm, as a proximate or legal result of the common course of the conduct of Defendants as complained of in this Class Action Complaint. The claims of Plaintiff are typical of Plaintiff Class because Defendants subjected all of their misclassified employees as defined in this Complaint to the identical violations of the California Industrial Welfare Commission Wage Orders, California Code of Regulations, the California Labor Code, the California Business and Professions Code, which prohibits unfair business practices arising from such violations, and the Fair Labor Standards Act.

55.  **Adequacy:** Plaintiff, on behalf of himself and all others similarly situated, will fairly and adequately protect the interests of all members of the Plaintiff Class, in connection with which he has retained attorneys. Plaintiff is able to fairly and adequately protect the interests of all members of the Plaintiff Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked. Further, Plaintiff's counsel are adequate class counsel as they have previously certified and litigated many other wage and hour class actions.

56.  Named Plaintiff does not anticipate any difficulty managing this litigation.

57.  **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendants. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and

extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

58.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Defendants acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### VIOLATION OF FAIR LABOR STANDARDS ACT
**(Violation of 29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, et seq.)**
**(Against all defendants)**

59.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

60.    At all relevant times hereto, Defendants have been, and are, an employer

CLASS AND COLLECTIVE ACTION COMPLAINT

engaged in commerce, as defined under 29 U.S.C. §203(b) and (d).  As such, Defendants employed members of the FLSA Collective Action Class as "Part–Time Operations Supervisors/Part–Time Local Sort Supervisors" in employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g), and 29 U.S.C. §207(a)(1).  At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

61.    Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or requires, the FLSA Collective Action Members, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1).  That Section provides the following:

62.    Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

63.    Indeed, in the performance of their duties for Defendants, the FLSA Collective Action Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

64.    Plaintiff proposes to undertake appropriate proceedings to have such FLSA Collective Action Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b), by filing written consents to joinder with the Court.

65.    Defendants' violations of the FLSA were willful.

66.    As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those FLSA Collective Action Members similarly

13

situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Plaintiff and FLSA Collective Action Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES**
**(Violation of Labor Code § 1197, 1198, and IWC Wage Order No. 4-2001)**
**(Against all defendants)**

67.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

68.    Labor Code section 1197 provides, "the minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

69.    Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

70.    The applicable Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

71.    Pursuant to the IWC Wage Order, Defendants are required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

72.    At all relevant times during the class period, Defendants failed to pay Plaintiff and other members of the class wages for all hours worked.

73.    Defendants failed to pay Plaintiff and other members of the class for all hours worked including the time spent working over eight hours in a day and/or forty

14

CLASS AND COLLECTIVE ACTION COMPLAINT

(40) hours per week.

74.    In relevant part, Labor Code section 1194 provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Plaintiff and other members of the class seek.

75.    Pursuant to Labor Code section 1194.2, liquidated damages are available to employees who file an action under Labor Code section 1194, which Plaintiff and members of the class seek.

76.    In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked at least minimum wage. As a direct result, Plaintiff and other members of the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

77.    Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of unpaid wages resulting from Defendants' minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code sections 1194 and 1194.2.

**THIRD CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §226)**
**(Against all defendants)**

78.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

79.    California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her

15

1   employees, either as a detachable part of the check, draft, or voucher paying the

2   employee's wages, or separately when wages are paid by personal check or cash, an

3   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

4   worked by the employee […], (3) the number of piece–rate units earned and any

5   applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions,

6   provided that all deductions made on written orders of the employee may be aggregated

7   and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

8   which the employee is paid, (7) the name of the employee and only the last four digits of

9   his or her social security number, […], (8) the name and address of the legal entity that is

10  the employer, and (9) all applicable hourly rates in effect during the pay period and the

11  corresponding number of hours worked at each hourly rate by the employee…".

12      80.    By virtue of misclassifying class members as exempt, Defendants knowingly

13  and intentionally omitted required information from the wage statements of Plaintiff and

14  the Class. For instance, the wage statements issued to Plaintiff and the Class failed to

15  itemize the number of regular and overtime hours worked during the pay period and the

16  rate of pay owed to Plaintiff and the Class, among other required information.

17  Defendants' failure to comply with California Labor Code section 226 caused injury to

18  Plaintiff and the Class in an amount currently unascertainable, but which will be

19  determined at trial.

20      81.    Further, California Labor Code section 1174 requires Defendants to

21  maintain and preserve, in a centralized location, among other items, records showing the

22  names and addresses of all employees employed, payroll records showing the hours

23  worked daily by and wages paid to its employees. By virtue of misclassifying Plaintiff

24  and class members as exempt employees, Defendants failed to comply with California

25  Labor Code section 1174. Defendants' failure to comply with California Labor Code

26  section 1174 is a violation of California Labor Code section 1175.

27      82.    Labor Code § 226(e) provides that an employee suffering injury as a result

28

CLASS AND COLLECTIVE ACTION COMPLAINT

of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

83.    Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for all hours worked at the appropriate rate. In addition, Defendants provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

84.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties pursuant to § 226(e) of the Labor Code.

## FOURTH CAUSE OF ACTION
### FAILURE TO REIMBURSE INCURRED NECESSARY BUSINESS EXPENSES
#### (Violation of Labor Code § 2802, *et seq*.)
#### (Against all defendants)

85.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

86.    California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures.

87.    At all relevant times during the class period, Plaintiff and members of the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including, but not limited to, personal cellphone usage.

88.    Defendants have intentionally and willfully failed to fully reimburse Plaintiff and the Class for necessary business-related expenses and costs. Defendants' conduct violates California Labor Code Section 2802.

89.    Plaintiff and the Class are entitled to recover from Defendants their

CLASS AND COLLECTIVE ACTION COMPLAINT

business-related expenses incurred during the course and scope of their employment, plus

interest, pursuant to California Labor Code section 2802.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200 *et seq.*)**
**(Against all defendants)**

90.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

forth herein.

91.     Section 17200 of the California Business and Professions Code (the "UCL")

prohibits any unlawful, unfair, or fraudulent business practices.

92.     Through its action alleged herein, Defendants have engaged in unfair

competition within the meaning of the UCL. Defendants' conduct, as alleged herein,

constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

93.     Defendants' unlawful conduct under the UCL includes, but is not limited to,

violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes,

but is not limited to, failure to pay Class members wages and compensation they earned

through labor provided, and failing to otherwise compensate Class members as alleged

herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage

statements containing false and/or misleading information about the time the Class

members worked and the amount of wages or compensation due.

94.     Plaintiff has standing to assert this claim because he has suffered injury in

fact and have lost money as a result of Defendants' conduct.

95.     Plaintiff and the Class seek restitutionary disgorgement from Defendants of

monies owed for all hours worked.

96.  Plaintiff has assumed the responsibility of enforcement of the laws and public

policies specified here by suing on behalf of himself and other similarly situated Class

members previously or presently working for Defendants in California. Plaintiff's

success in this action will enforce important rights affecting the public interest. Plaintiff

18

**CLASS AND COLLECTIVE ACTION COMPLAINT**

will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

///

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendants as follows:

A. That the Court declare, adjudge, and decree that Defendants violated the Fair Labor Standards Act (29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, *et seq.*;

B. An order that this class be certified as a class action;

C. An order appointing Plaintiff OSCAR DIAZ as representative for the Class and Subclasses;

D. An order appointing Plaintiff's counsel as counsel for the Class and Subclasses;

E. For all straight-time wages owed to Plaintiff and each Class Member for all hours worked;

F. For all overtime wages owed to Plaintiff and each Class member for all hours worked;

G. For reimbursement of necessary business-related expenses and costs incurred and due to Plaintiff and each Class member;

H. For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

I. For actual damages or statutory penalties under Labor Code § 226(e);

J. For liquidated damages pursuant to Labor Code § 1194.1;

K. For restitutionary disgorgement pursuant to the UCL;

L. Prejudgment and post-judgment interest at the maximum legal rate;

CLASS AND COLLECTIVE ACTION COMPLAINT

1   M.  Reasonable attorney's fees;

2   N.  General, special and consequential damages, to the extent allowed by law;

3   O.  Costs of suit;

4   P.  In the event Defendants oppose class certification on the grounds that job

5       duties differ from employee to employee, and some employees may be

6       appropriately classified and some may not, then Plaintiff requests an injunction

7       under section 17203 to request Defendants evaluate the job duties on a person-

8       by-person basis.

9   Q.  Such other equitable relief as the Court may deem just and proper.

10

11  Dated: February 25, 2022                    **THE MARKHAM LAW FIRM**

12

13                                   By:  */s/ David R. Markham*
                                          David R. Markham
14                                        Maggie Realin
15                                        Lisa Brevard

16                                   **UNITED EMPLOYEES LAW GROUP**
17                                   Walter L. Haines

18                                   Attorneys for Plaintiff

19                        **DEMAND FOR JURY TRIAL**

20      Plaintiff hereby demands a jury trial with respect to all issues triable of right by

21  jury.

22

23  Dated: February 25, 2022          By:  */s/ David R. Markham*
                                           David R. Markham
24                                         Maggie Realin
25                                         Lisa Brevard

26                                   **UNITED EMPLOYEES LAW GROUP**
27                                   Walter L. Haines

28                                   Attorneys for Plaintiff

20

CLASS AND COLLECTIVE ACTION COMPLAINT